| | |
|---|---|
| Elizabeth Day (SBN 177125) | ROBERT A. VAN NEST - # 84065 |
| eday@bdiplaw.com | rvannest@keker.com |
| BUNSOW DE MORY LLP | DAVID SILBERT - # 173128 |
| 701 El Camino Real | dsilbert@keker.com |
| Redwood City, CA 94063 | R. ADAM LAURIDSEN - # 243780 |
| Telephone: (650) 351-7248 | alauridsen@keker.com |
| | KRISTEN E. LOVIN - # 293688 |
| Jason S. McManis (*pro hac vice*) | klovin@keker.com |
| jmcmanis@azalaw.com | ERIC B. HANSON - # 254570 |
| Weining Bai (*pro hac vice*) | ehanson@keker.com |
| wbai@azalaw.com | DEEVA SHAH - # 319937 |
| Justin Kenney (pro hac vice) | dshah@keker.com |
| jkenney@azalaw.com | SPENCER MCMANUS - # 322824 |
| Spencer Packard (*pro hac vice*) | smcmanus@keker.com |
| sparckard@azalaw.com | EMILY A. HASSELBERG - # 326990 |
| **AHMAD, ZAVITSANOS & MENSING PLLC** | ehasselberg@keker.com |
| 1221 McKinney Street, Suite 2500 | AMRUTHA DORAI - # 352697 |
| Houston, Texas 77010 | adorai@keker.com |
| Telephone: (713) 655-1101 | **KEKER, VAN NEST & PETERS LLP** |
| | 633 Battery Street |
| Attorneys for Plaintiff | San Francisco, CA 94111-1809 |
| LOOKSMART GROUP, INC. | Telephone: 415 391 5400 |
| | Facsimile: 415 397 7188 |
| | |
| | Attorneys for Defendant |
| | GOOGLE LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOOKSMART GROUP, INC., | Case No. 4:24-cv-07147-JST |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | JURY DEMANDED |
| GOOGLE, LLC, | Date: June 10, 2025 |
| Defendant. | Time: 2:00 P.M. |
| | Ctrm: 6, 2nd Floor |
| | Judge: Hon. Jon S. Tigar |

Pursuant to Fed. R. Civ. P. 26(a)(1) and Civil L.R. 16-9, Plaintiff LookSmart Group, Inc. ("LookSmart") and Defendant Google LLC ("Google") (together, the "Parties") hereby submit this Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

This action arises under 35 U.S.C. § 1 et seq. The Parties agree that the Court has subject matter jurisdiction over the Parties' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Google has been served. The parties do not believe that any personal jurisdiction or venue issues exist but reserve all rights. No party remains to be served.

## II. FACTS AND PROCEDURAL HISTORY

### A. Brief Factual Statement

On October 14, 2024, LookSmart filed a Complaint in this District against Google alleging infringement of U.S. Patent No. 7,356,530 ("'530 Patent" or "asserted patent"). Dkt. 1. LookSmart contends that Google's search engine, including hardware and software components related thereto, infringe the '530 Patent's claimed method of ranking the relevancy of web pages retuned by internet search results. Google denies that it infringed any asserted claim of the '530 Patent (much less willfully) and asserts that the '530 Patent is unenforceable, invalid, and/or constitutes patent-ineligible subject matter under 35 U.S.C. § 101 et seq.

Google has filed a motion to dismiss. Dkt. 37. LookSmart filed its Response on January 17, 2025. Dkt. 42. Google filed its Reply on February 7, 2025. Dkt. 43. The motion is ripe for the Court's decision.

### B. Other Litigations Between the Parties

There is no other litigation between the Parties.

### C. Principle Factual Issues in Dispute

- Whether Google infringes any asserted claims of the '530 Patent[1];
- Whether the claims of the '530 Patent are valid and enforceable;

---

[1] LookSmart has not currently pleaded a claim for willful infringement, but reserves the right to seek leave of court to amend its Complaint in order to do so.

- The proper measure if damages if any asserted claim of the '530 Patent is found infringed and not invalid;

### III. LEGAL ISSUES

- Construction of terms / elements found in the asserted claims of the '530 Patent;
- Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

### IV. MOTIONS

Google has filed a Motion to Dismiss LookSmart's Complaint on the basis that all asserted claims of the '530 Patent are ineligible under 35 U.S.C. § 101, as well as factual allegations regarding Google's prior citations to the '530 Patent and its likely knowledge of same. Dkt. 37. The motion is ripe for the Court's decision.

LookSmart has no pending motions at this time

### V. AMENDED PLEADINGS

The Parties do not anticipate filing amended pleadings at this time. In its motion to dismiss, Google contends that the complaint should be dismissed with prejudice. If the Court grants Google's Motion to Dismiss without prejudice, then LookSmart intends to amend.

### VI. EVIDENCE PRESERVATION

The Parties hereby report and certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties further confirm that they have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII. DISCLOSURES

The Parties will serve initial disclosures pursuant to Rule 26(a)(1)(A) on July 8, 2025.

### VIII. DISCOVERY

Once discovery commences, the Parties anticipate that the scope of discovery shall include the information set forth below in the proposed discovery plan. At this time, the Parties propose

certain modifications to the discovery rules set forth in the Federal Rules of Civil Procedure, which are detailed below in the Parties' discovery plan pursuant to Rule 26(f):

### A. Federal Rule of Civil Procedure 26(f)(3)(A) – Initial Disclosures

The Parties incorporate by reference Section VII, *supra*, regarding initial disclosures required under Rule 26(a)(1). The parties do not propose any change to the form or requirement for the initial disclosures.

### B. Federal Rule of Civil Procedure 26(f)(3)(B) – Scope of Anticipated Discovery

The Parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections II and III, *supra*, and the requested relief discussed in Section XI, *infra*. The Parties reserve the right to amend the subjects for discovery pending further discovery and discussion between the Parties. The timing for completion of discovery is set forth in Section XV below.

### C. Federal Rule of Civil Procedure 26(f)(3)(C)-(D), (F) – E-Discovery, Protective Order, Privilege & Work Product Protection

The Parties are working in good faith to negotiate both an e-discovery order and a protective order, and anticipate they will move for / stipulate to entry of same forthwith. Subject to the foregoing, the Parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502, and the forthcoming protective order to be entered in this action.

### D. Federal Rule of Civil Procedure 26(f)(3)(E) – Limitations on Discovery

To the extent not limited below, and unless otherwise agreed to by the Parties, the Parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of the Court, and the ESI Order and Protective Order to be entered in this action. If a party requests discovery that exceeds any of the limitations set forth below, the Parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court. If the Parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

### a. Written Discovery

The Parties agree that the Federal Rules of Civil Procedure should dictate the limits on interrogatories and requests for production. No more than fifty (50) requests for admission should be served, except for requests for admission solely aimed at authenticating documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to numerical limitations.

### b. Depositions

<u>Fact Depositions:</u>

Unless otherwise stipulated by the Court or as provided herein, the Federal Rules of Civil Procedure shall apply to deposition limits for each party. If any deposition is taken that requires translation, such deposition is counted as taking half of its actual length; e.g., a 7 hour deposition with a translator will be considered to be a 3.5 hour deposition.

Each side may take up to seventy (70) hours of depositions of the other side (inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions). No individual deposition of a 30(b)(1) or 30(b)(6) witness will count for less than five (5) hours against this total.

Each side may take up to an additional forty (40) hours of depositions of non-party, nonexpert witnesses. No single deposition of a non-party 30(b)(1) or 30(b)(6) witness will count for less than three (3) hours against this total.

<u>Expert Depositions:</u>

The parties shall meet and confer after the exchange of expert reports regarding limits on the length and number of days allotted for expert depositions.

### c. Email Service

The parties consent to service by electronic means as set forth in Fed. R. Civ. P. 5(b)(2)(E). For calculating all deadlines, electronic service shall be equivalent to hand service. The parties also agree that courtesy copies of all papers served by other means shall also be sent via email to counsel of record for the parties. Such courtesy copy emails shall not shorten the date of any response triggered by service, including additional time to respond under Fed. R. Civ. P. 6(d).

The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer immediately following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

### E. Local Patent Rule 2-1(b)(1) – Proposed Modifications

The Parties have agreed to the deadlines as set forth below in the proposed schedule in Section XVI. Subject to those agreed deadlines, the Parties propose no modifications to Local Patent Rule 2-1(b)(1).

### F. Local Patent Rule 2-1(b)(2) – Scope and Timing of Claim Construction Discovery

To the extent any claim construction discovery is necessary, the Parties expect that it would likely be limited to depositions of any expert witnesses used by the Parties to support their claim construction positions. If Claim Construction discovery is necessary, the Parties' proposed timing for claim construction discovery is set forth in the proposed schedule below. *See* § XV.

### G. Local Patent Rule 2-1(b)(3) – Proposed Format of Claim Construction Hearing

If a Claim Construction hearing is necessary, the Parties anticipate that any Claim Construction Hearing would be scheduled for 2 to 3 hours. In addition, the Parties believe that the Claim Construction Hearing should be conducted on a claim term by claim term basis, with the party seeking construction of the term presenting first or, if both Parties seek construction, alternating which side presents first.

At this time, the Parties do not believe that live testimony will be necessary but reserve the right to request the opportunity to offer live testimony at the Claim Construction Hearing should the need arise later.

**H.     Local Patent Rule 2-1(b)(4) – How Parties Intend to Educate the Court on Technology Issue**

The parties will discuss, in connection with claim construction exchange and conferrals, whether a technology tutorial is necessary. The Parties are willing to provide one should the Court request one.  Should a tutorial be necessary, each Party would present a technology tutorial in advance of the Claim Construction Hearing.  A Party making such a presentation would submit the technology tutorial in advance of the Claim Construction Hearing according to the deadline set forth below in Section XV.

**I.     Local Patent Rule 2-1(b)(5) – Non-Binding, Good Faith Estimate of Damages Range**

1. **LookSmart's Position:** At this time, LookSmart is not able to provide a precise calculation of damages without conducting discovery regarding the extent of Google's use of the accused infringing instrumentalities and benefits derived from same, including any cost savings and revenue or profit enhancements. LookSmart will provide its Damages Contentions on the deadline set forth in Section XV below.

2. **Google's Position:** Google contends that LookSmart cannot recover any damages at least because the '530 Patent is invalid and not infringed. LookSmart has not identified the amount of damages sought or the bases on which the damages are calculated; therefore, Google is unable to provide a responsive statement regarding the bases on which damages should be calculated if liability is established.  Google intends to seek an award of reasonable attorney's fees, costs, and expenses, and any other relief as the Court may deem just and proper.

**IX.     CLASS ACTION**

This is not a class action.

**X.     RELATED CASES**

*LookSmart Group Inc. v. Microsoft Corp.*, 17-CV-04709 (N.D. Cal.).

## XI. RELIEF

LookSmart requests the Court enter judgement in LookSmart's favor as follows:

    a.    A judgment in favor of LookSmart that Google has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patent;
    b.    An award of damages in favor of LookSmart adequate to compensate LookSmart for Google's infringement of the Asserted Patent which shall in no event be less than a reasonable royalty, together with interest and cost as fixed by the Court pursuant to 35 U.S.C. § 284;
    c.    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;
    d.    Pre- and post-judgment interest;
    e.    An award of costs and expenses as deemed appropriate by the Court; and
    f.    Any other legal or equitable relief to which LookSmart is justly entitled.

Google seeks an adjudication that it has not infringed and is not infringing any asserted claim of the '530 Patent; an adjudication that the '530 Patent is unenforceable or invalid; a declaration that this case is exceptional under 35 U.S.C. § 285; an adjudication that LookSmart is not entitled to any damages, interests, costs, and/or expenses; an award to Google of reasonable attorney's fees; an adjudication limiting or barring LookSmart's ability to enforce the '530 Patent in equity; and an award to Google of such further relief at law or in equity as the Court deems just and proper.

## XII. SETTLEMENT AND ADR

The parties agree to monitor the case for if and when an appropriate time arises for mediation. The parties propose that they advise the Court when that time occurs, rather than having the Court set a process for mediation now.

## XIII. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

At this stage, the Parties are unable to narrow any issues by agreement or otherwise, but the Parties will meet and confer during the pendency of the action and will consider reasonable

narrowing proposals as discovery progresses and/or the Court issues rulings, such as any claim construction order.

## XV. SCHEDULING

The Parties propose the following schedule in compliance with the Patent Local Rules ("PLR") of this District:

| Event | Proposed Date |
|---|---|
| Joint Case Management Statement | June 3, 2025 |
| Initial Case Management Conference | June 10, 2025 at 2:00 pm |
| Deadline for Parties to Exchange Rule 26 Initial Disclosures | July 8, 2025 |
| Disclosures of Asserted Claims and Infringement Contentions, and Accompanying Document Production by LookSmart (Pat. L.R. 3-1, 3-2) | July 8, 2025 |
| Invalidity Contentions and Accompanying Document Production by Google (Pat. L.R. 3-3, 3-4) | August 22, 2025 |
| Exchange of Proposed Terms for Construction (Pat. L.R. 4-1) | September 5, 2025 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2) | September 26, 2025 |
| Damages Contentions by LookSmart (Pat. L.R 3-8) | October 13, 2025 |
| Joint Claim Construction and Prehearing Statement Expert Reports (Pat. L.R. 4-3) | October 23, 2025 |
| Responsive Damages Contentions by Google (Pat. L.R. 3-9) | November 14, 2025 |
| Completion of Claim Construction Discovery (Pat. L.R. 4-4) | November 21, 2025 |
| Opening Claim Construction Brief by LookSmart (Pat. L.R. 4-5) | December 5, 2025 |
| Responsive Claim Construction Brief by Google (Pat. L.R. 4-5) | December 19, 2025 |
| Reply Claim Construction Brief by LookSmart (Pat. L.R. 4-5) | January 5, 2025 |
| Claim Construction Hearing (Pat. L.R. 4-6) | Subject to the convenience of the Court's calendar, January __, 2026, at ____ a.m. / p.m. |
| Damages Contentions Meeting | January 15, 2026 |

## XVI. TRIAL

The Parties agree to a trial by jury and anticipate that the trial will take no longer than five to six business days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have each filed individual statements pursuant to Civ. L.R. 3-15. *See* Dkt. 28 (Google's Statement); Dkt. 4 (LookSmart's Statement).

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS THAT FACILITATE JUST, SPEEDY, INEXPENSIVE DISPOSITION

The Parties do not have further proposals at this time.

| | | |
|---|---|---|
| Dated: June 3, 2025 | By: | */s/ Jason S. McManis* |
| | | Elizabeth Day |
| | | eday@bdiplaw.com |
| | | BUNSOW DE MORY LLP |
| | | 701 El Camino Real |
| | | Redwood City, CA 94063 |
| | | Telephone: (650) 351-7248 |

Jason S. McManis (*pro hac vice*)
jmcmanis@azalaw.com
Weining Bai (*pro hac vice*)
wbai@azalaw.com
Justin Kenney (pro hac vice)
jkenney@azalaw.com
Spencer Packard (*pro hac vice*)
sparckard@azalaw.com
**AHMAD, ZAVITSANOS & MENSING PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101

*Attorneys for Plaintiff*
*LookSmart Group, Inc.*

Dated: June 3, 2025                    KEKER, VAN NEST & PETERS LLP

By: */s/ David Silbert (with permission)*
DAVID SILBERT

Attorneys for Defendant GOOGLE LLC

**ATTESTATION**

I, Jason McManis, am the ECF user whose ID and password authorized the filing of this document. Under Civil L. R. 5-1(h)(3), I attest that all signatories to this document have concurred in this filing.

DATED: June 3, 2025

/s/ Jason S. McManis
Jason S. McManis

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF System.

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).

DATED: June 3, 2025

/s/ Jason S. McManis
Jason S. McManis