1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    LOOKSMART GROUP, INC.,                    Case No. 24-cv-07147-JST

8                    Plaintiff,

9          v.                                  **ORDER GRANTING DEFENDANT
                                               GOOGLE, LLC'S MOTION TO
10   GOOGLE, LLC,                              DISMISS**

11                  Defendant.                 Re: ECF No. 55

12

13          Pending before the Court is Defendant Google, LLC's motion to dismiss Plaintiff

14   LookSmart Group, Inc.'s amended complaint.  ECF No. 55 ("Mot.").  The Court will grant the

15   motion.

16   **I.      BACKGROUND**

17          LookSmart filed this case on October 14, 2024, alleging infringement of U.S. Patent No.

18   7,356,530 (the "'530 Patent").  The '530 Patent is entitled "Systems and Methods of Retrieving

19   Relevant Information" and issued on April 8, 2008.  ECF No. 1-1 ("'530 Patent").  The '530

20   Patent relates to "systems and methods for retrieving relevant information from a large collection

21   of information such as that on the Internet and in particular the World Wide Web."  *Id*. at 1:4–7.

22          The Court previously dismissed LookSmart's complaint, finding that the '530 Patent was

23   "directed to the abstract idea of collecting, storing, indexing, and ranking information" and "the

24   individual and ordered combination of elements in claim 1 fail[ed] to recite an inventive concept

25   reflecting more than the abstract idea of collecting, storing, indexing, and ranking information."

26   ECF No. 51 ("Order") at 11, 14.  The Court granted LookSmart "one opportunity to file an

27   amended complaint."  *Id*. at 14.  LookSmart filed an amended complaint on July 17, 2025.  ECF

28   No. 53 ("FAC").  Google now moves to dismiss LookSmart's FAC on the same grounds it

1  asserted in its prior motion to dismiss.

2  **II.    LEGAL STANDARD**

3          To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

4  complaint must contain "a short and plain statement of the claim showing that the pleader is

5  entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint

6  lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

7  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint

8  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

9  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*,

10  550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough

11  to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

12          "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14  *Ashcroft*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement' . . . it

15  asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting

16  *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

17  defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to

18  relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

19          In determining whether a plaintiff has met the plausibility requirement, a court must

20  "accept all factual allegations in the complaint as true and construe the pleadings in the light most

21  favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

22  **III.    DISCUSSION**

23          The Court previously determined that the claims of the '530 Patent are not directed to

24  patent eligible subject matter. Order at 14. Despite being "skeptical that any additional

25  allegations could establish that the '530 Patent is directed to patent eligible subject matter," the

26  Court granted LookSmart "one opportunity to file an amended complaint." *Id*. LookSmart's FAC

27  adds twelve (12) new paragraphs, FAC ¶¶ 13, 21–23, 26–33, and attaches a declaration from

28

*United States District Court*
*Northern District of California*

Michael J. Pazzani (the "Pazzani Declaration").[1]  LookSmart alleges that the new allegations set forth in the FAC "show[] a clear connection between the[] technological improvements [of (1) incorporating both intrinsic and extrinsic features of a webpage to calculate a more accurate rank and (2) pre-indexing and storing rankings to speed up future searches] and the language of the claims, such that the patent should not be found abstract."  ECF No. 61 ("Opp.") at 7–8.

### A.    *Alice* Step One

The Court begins with step one of the *Alice* patent eligibility inquiry, which asks whether the claim is directed to a patent-ineligible abstract idea.  At this step, courts consider "what the patent asserts to be the focus of the claimed advance over the prior art."  *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 1113 (2022).  The Court previously determined that the '530 Patent was "directed to the abstract idea of collecting, storing, indexing, and ranking information . . . ."  Order at 11.  After examining representative claim 1, the Court found that "claim 1 d[id] nothing more than recite 'a desired function or outcome without providing any limiting detail that confines the claim to a particular solution to an identified problem.'"[2]  *Id*. at 6 (quoting *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016)).  The Court rejected LookSmart's argument that the patent "specification's focus on the patented invention's improvements over existing search engine technologies demonstrate[d] that the '530 Patent [was] directed to patentable subject matter[,]" explaining that (1) "courts generally 'refuse to import details from the specification if those details are themselves not claimed[,]'" and (2) "the specification . . . in fact confirm[ed] the abstract, results-oriented nature of the claims."  Order at 7 (citation omitted).

LookSmart argues that the FAC "specifically ties the claim limitations to the technological solution described in the specification."  Opp. at 8.  LookSmart argues that "[t]he specification shows that the problem facing the '530 Patent's inventors was a lack of speed and accuracy in

---

[1] The Pazzani Declaration was previously submitted in connection with the case *LookSmart Grp., Inc. v. Microsoft Corp.*, Case No. 17-cv-4709-JST.  ECF No. 53-2.  As the Court previously noted, in that case, "the Court was not called upon to consider whether the '530 Patent was directed to a patent-ineligible abstract idea."  Order at 1 n.1.

[2] The parties previously agreed that claim 1 was representative.  ECF No. 37 at 8; ECF No. 42 at 7 n.2.  Once again, LookSmart does not dispute that claim 1 is representative.

United States District Court
Northern District of California

1    returning search results, particularly due to link spamming, and that the focus of the claims is

2    combining specific ranking factors in a pre-indexed database to solve these problems." *Id*.

3    LookSmart further argues that "[c]laim 1 is directed to just such a solution because it combines

4    pre-ranking methods with a pre-indexing architecture to maximize search speeds" and "explains

5    specifically how to do this by articulating the exact factors to be weighted, the order in which to

6    weigh them, and then what to do with the resulting ranking (i.e., create a pre-query index)." *Id*.

7    (quotations and citation omitted).  These are the same arguments the Court previously rejected,

8    after finding that "[b]oth the claims and the specification fail to specify ***how*** the intrinsic and

9    extrinsic ranking factors (and the content score, page weight, and anchor weight underlying these

10   factors) are to be calculated." Order at 8 (emphasis added).

11         LookSmart now attempts to overcome this shortcoming by arguing that the FAC "adds

12   allegations showing the dependent claims specify 'how the intrinsic and extrinsic ranking factors

13   . . . are to be calculated.'" Opp. at 8.  LookSmart specifically argues that "[d]ependent claims 4

14   and 5 . . . limit 'how the extrinsic ranking factors are determined and adjusted,' specifically, by

15   weigh[]ing the size of a paragraph or the total number of outbound links[,]" which "directly

16   improves relevancy because links are more likely to be important if prominently displayed, rather

17   than buried among many other links or in a long paragraph." Opp. at 9.  LookSmart further argues

18   that "[c]laims 2 and 3 limit how indexing is conducted, specifically by selecting the keywords

19   from the pages in the collection, which is updated by repeatedly re-crawling the web[,]" which

20   "directly improves speed, because all the pages in the collection are regularly pre-indexed by each

21   keyword, rather than ranked on the fly." *Id*.  These arguments are not persuasive.

22         Claim 4 recites "[t]he invention of claim 1, where determining an extrinsic ranking factor

23   further comprises: adjusting the extrinsic ranking factor, for each linking page, for a link

24   weighting factor weight related to a quantity of outbound links on that linking page to other pages

25   in the collection of pages." '530 Patent cl. 4.  Similarly, claim 5 recites "[t]he invention of claims

26   2, 3, or 4 wherein determining the extrinsic ranking factor further comprises: determining a size of

27   a paragraph in which the selected word is used in the linking page." *Id*. cl. 5.  Notably, these

28   claims do not teach how the intrinsic or extrinsic ranking factors are calculated and instead add

1    ambiguity to the already abstract "extrinsic ranking factor."  Claims 2 and 3 also fail to teach how

2    the intrinsic and extrinsic ranking factors are calculated, as they add limitations relating to the

3    claimed indexing function.  *See id*. cls. 2, 3.

4          LookSmart also argues that "software patents are not required to claim 'some specific

5    algorithm' to avoid abstraction[,]" and "[t]he '530 Patent's claims are specific enough."  Opp. at 9.

6    In so arguing, LookSmart relies on a patent issued to Google, U.S. Patent No. 10,839,029 (the

7    "'029 Patent"), which claims "a method of personalizing search results of a search engine . . . ."

8    FAC ¶ 30.  The '029 Patent is irrelevant to the Court's analysis.  The issue before the Court is

9    whether the '530 Patent is directed to patent eligible subject matter; whether or not the '029 Patent

10   recites patent eligible subject matter has no bearing on this issue.[3]  Additionally, although

11   LookSmart correctly notes that a patent need not recite a specific algorithm (Opp. at 9), a patent

12   cannot merely recite "a desired function or outcome without providing any limiting detail that

13   confines the claim to a particular solution to an identified problem."  *Affinity Labs of Tex., LLC v.*

14   *Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016).  The claims of the '530 Patent fail to

15   provide any such "limiting detail."  *Id*.  The Court therefore reiterates its prior conclusion that the

16   claims of the '530 Patent are "directed to the abstract idea of collecting, storing, indexing, and

17   ranking information . . . ."  Order at 11.

18        **B.    *Alice* Step Two**

19          Having found that claim 1 of the '394 Patent as directed to an abstract idea, the Court turns

20   to step two of the *Alice* inquiry, which asks "whether the claimed elements—'individually and as

21   an ordered combination'—recite an inventive concept."  *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d

22   1306, 1316 (Fed. Cir. 2019) (quoting *Alice*, 573 U.S. at 217).  "An inventive concept reflects

23   something more than the application of an abstract idea using 'well-understood, routine, and

24   conventional activities previously known to the industry.'"  *Id.*  Such a concept "must be

25   significantly more than the abstract idea itself, and cannot simply be an instruction to implement

26

27   ───────────────────
     [3] To be clear, the Court's prior determination that the '530 Patent is directed to patent ineligible

28   subject matter does not mean that all patents related to improved search engines are patent
     ineligible, only that the claims of the '530 Patent are directed to patent ineligible subject matter.

1   or apply the abstract idea on a computer." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility*

2   *LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016).

3          LookSmart contends that the '530 Patent's "inventive concept is . . . the combination of

4   [intrinsic and extrinsic ranking factors] in a particular order to increase the speed at which results

5   can be returned to the user." Opp. at 11. LookSmart argues that the FAC "shows that the claimed

6   combination of intrinsic factors, extrinsic factors, and pre-query indexing was not well-

7   understood, routine, or conventional at the time of invention[,]" and this conclusion is supported

8   by the FAC'S "factual allegations, which the Court must take as true." *Id*. at 12. LookSmart

9   further argues that the FAC "specifically alleges that '[p]rior art search engines in 2000 calculated

10  rankings at the time of query using conventional techniques,' and that the '530 Patent's pre-

11  indexing method was a 'foundational' innovation that went beyond what was conventional in the

12  field." *Id*. In so arguing, LookSmart relies on the Pazzani Declaration and "Google's own history

13  of technological development." *Id*. The Court does not find these arguments persuasive.

14         As an initial matter, the Court notes that the Pazzani Declaration is directed to the issue of

15  obviousness, not patent eligibility. Nonetheless, LookSmart argues that the Pazzani Declaration

16  "corroborates that at the time of the '530 Patent's invention, conventional systems did not employ

17  both page weight and anchor weight in calculating extrinsic score, did not combine intrinsic and

18  extrinsic scores, and did not use these scores to pre-index results" and "confirms that by

19  introducing these techniques, the '530 Patent addressed prior systems' problems with low

20  relevance results, susceptibility to spamming, and latency in retrieving ranked search results." *Id*.

21  at 12–13. The Pazzani Declaration cannot, however, overcome the fact that the '530 Patent does

22  not teach *how* one would calculate the intrinsic and extrinsic ranking factors, or the underlying

23  content score, page weight, and anchor weight. The Court reiterates that the '530 Patent "recite[s]

24  broad functions" and "provides only a results-oriented solution." *Software Rts. Archive, LLC v.*

25  *Facebook, Inc.*, 485 F. Supp. 3d 1096, 1108 (N.D. Cal. 2020) (quotations and citation omitted).

26         LookSmart's reliance on Google's "own history of technological development" is similarly

27  unpersuasive. LookSmart argues that Google previously "described pre-ranking as an

28  improvement to search technology almost five years after the '530 Patent was filed" and

6

"continued to tout the importance of speed improvements derived from pre-ranking five years after that." Opp. at 13. LookSmart misses the larger picture. The Court's focus is not whether "employ[ing] both page weight and anchor weight in calculating extrinsic score," "combin[ing] intrinsic and extrinsic scores," and "us[ing] these scores to pre-index results" are inventive concepts, but whether the ***claimed elements*** of the '530 Patent recite an inventive concept. As the Court explained in this and its prior order, the use of intrinsic and extrinsic ranking factors, and the underlying content score, page weight, and anchor weight, to pre-index results does not recite an inventive step, as "claim 1 does not actually teach how to determine the page weight, content score, anchor weight, intrinsic ranking factor, or extrinsic ranking factor recited in the claim." Order at 12–13. "There is, in short, nothing 'inventive' about any claim details, individually or in combination, that are not themselves in the realm of abstract ideas." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1170 (Fed. Cir. 2018). Accordingly, the Court once again "finds that the individual and ordered combination of elements in claim 1 fail to recite an inventive concept reflecting more than the abstract idea of collecting, storing, indexing, and ranking information." Order at 14.

## CONCLUSION

For the foregoing reasons, the Court grants Google's motion to dismiss. In light of LookSmart's failure to address the concerns expressed in the Court's prior order, the Court finds that further leave to amend would be futile and dismisses LookSmart's claims with prejudice. *City of Oakland v. Oakland Raiders*, 445 F. Supp. 3d 587, 603–04 (N.D. Cal. 2020), *aff'd*, 20 F.4th 441 (9th Cir. 2021). The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2025

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

7